## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| SEASONS HOSPICE & PALLIATIVE CARE OF DELAWARE, LLC, | |
| Plaintiff, | Civil Action No. 24-175-GBW-LDH |
| v. | |
| ROBERT F. KENNEDY, JR., in his official capacity as Secretary of the United States Department of Health & Human Services, | |
| Defendant. | |

## MEMORANDUM ORDER

Plaintiff Seasons Hospice & Palliative Care of Delaware, LLC ("Plaintiff" or "the Hospice") filed this action against Defendant Xavier Becerra[1] ("Defendant" or "the Secretary"), in his official capacity as Secretary of the U.S. Department of Health & Human Services, seeking judicial review of a decision made by an Administrative Law Judge ("ALJ"). D.I. 1. Presently before the Court are Plaintiff's objections (D.I. 23) to Magistrate Judge Laura D. Hatcher's ("Judge Hatcher") Report and Recommendation ("R&R") (D.I. 22), which recommends that the Court (1) grant-in-part Plaintiff's Motion for Summary Judgment ("Plaintiff's Motion") (D.I. 13), (2) deny Defendant's Motion for Summary Judgment ("Defendant's Motion") (D.I. 11), and (3) remand this action for further proceedings.

---

[1] "The parties agree that Robert F. Kennedy, Jr., upon assuming the office of Secretary of the United States Department of Health & Human Services, was substituted as the defendant in place of former Secretary Xavier Becerra pursuant to Fed. R. Civ. P. 25(d)." D.I. 22 at 1 n.1 (first citing D.I. 20; and then citing D.I. 21).

For the reasons set forth below, Plaintiff's objections (D.I. 23) are OVERRULED and Judge Hatcher's R&R (D.I. 22) is ADOPTED. Plaintiff's Motion (D.I. 13) is GRANTED-IN-PART, Defendant's Motion (D.I. 11) is DENIED, and this action is REMANDED for further proceedings.

## I.      BACKGROUND

### A.      Factual Background

The Court sets forth the relevant factual background as recounted in the R&R. "The Hospice sought reimbursement from Medicare for hospice services provided to multiple beneficiaries between June 1, 2017, and June 30, 2020." D.I. 22 at 4. The relevant Medicare Administrative Contractor ("MAC") for the Centers for Medicare and Medicaid Services ("CMS"), "CGS Administrators, LLC, initially reimbursed the Hospice's claims in full." *Id.* "But the [Supplemental Medical Review Contractor ('SMRC')], Noridian Healthcare Solutions, LLC, conducted a post-payment review and determined that the Hospice was overpaid by $473,751.81 for various claims including those that the Hospice submitted for beneficiaries J.D. and G.P." *Id.* at 4-5.

"The Hospice appealed the SMRC's findings by seeking reconsideration with both the MAC and the [qualified independent contractor ('QIC')], C2C Innovative Solutions, Inc." *Id.* at 5. "The MAC upheld the SMRC's determination on the basis that the record did not contain sufficient clinical evidence to 'support a trajectory of terminal decline' for J.D. and G.P." *Id.* "The QIC affirmed the MAC, again concluding that the record did not support a terminal prognosis of six months or less with respect to J.D. and G.P." *Id.*

"The Hospice next sought *de novo* review before an ALJ." *Id.* "At the June 27, 2022, hearing, the Hospice's medical expert Dr. Stephen Leedy, a board-certified hospice and palliative care physician, testified that J.D. and G.P. met the hospice eligibility requirements." *Id.* "But the

2

ALJ disagreed and denied reimbursing the Hospice for services provided to J.D. and G.P." *Id.* "The Hospice sought review of the Decision before the Council." *Id.* "The Council did not issue a decision within the requisite timeframe." *Id.* "The Hospice then sought leave from the Council to appeal the Decision in United States District Court, which the Council granted." *Id.* "The Hospice filed the instant Complaint seeking judicial review of the Decision." *Id.* (citing D.I. 1).

### B.    Procedural Background

On February 9, 2024, Plaintiff filed its Complaint. D.I. 1. On August 30, 2024, the parties filed cross motions for summary judgment. D.I. 11; D.I. 13. On July 31, 2025, the R&R issued. D.I. 22. Plaintiff's objections to the R&R are fully briefed. D.I. 23; D.I. 25. Defendant does not object to the R&R. D.I. 25 at 2 ("[T]he Secretary respectfully requests that Plaintiff's objections be denied, and the R&R be approved and adopted.").

## II.    STANDARD OF REVIEW

In reviewing a Magistrate Judge's report and recommendation, the Court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The Court "may accept, reject, or modify, in whole or in part" the Magistrate Judge's findings or recommendations. *Id.* As to those portions to which no objections have been made, the Court must "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee's notes; *see Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining the district court's responsibility "to afford some level of review" when no objections have been made).

## III.    LEGAL STANDARD

"Where, as here, the Medicare Appeals Council does not review the ALJ's decision, the ALJ's decision stands as the final decision of the Secretary." *Hospice of E. Texas v. Sec'y, United*

*States Dep't of Health & Hum. Servs.*, No. 5:23-CV-136-RWS-JBB, 2025 WL 957519, at *4 (E.D. Tex. Mar. 31, 2025) (citing *Prime Healthcare Servs.-Montclair, L.L.C. v. Hargan*, C.A. No. 17-659 PA (JCX), 2018 WL 333862, at *5 (C.D. Cal. Jan. 9, 2018)). Judicial review of the final decision is permitted under 42 U.S.C. § 1395ff(b)(1)(A), which incorporates 42 U.S.C. § 405(g). *See id.*

Pursuant to § 405(g), the Court has "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). In the Third Circuit, an ALJ's factual findings are reviewed for substantial evidence. *Reefer v. Barnhart*, 326 F.3d 376, 379 (3d Cir. 2003) (citing *Smith v. Califano*, 637 F.2d 968, 970 (3d Cir. 1981)). "'Substantial evidence' has been defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Smith*, 637 F.2d at 970). "'Evidence is not substantial,' however, if the ALJ 'failed to consider all relevant evidence or failed to explain the resolution of conflicting evidence.'" *Grice v. Astrue*, No. CIV.A. 12-3502, 2013 WL 2062263, at *2 (E.D. Pa. May 15, 2013) (quoting *Sanchez v. Comm'r of Soc. Sec.*, 271 F. App'x. 230, 232 (3d Cir. 2008)). "An ALJ must 'set forth the reasons for [their] decision,' so that 'there is sufficient development of the record and explanation of findings to permit meaningful review.'" *Ginder v. Comm'r of Soc. Sec.*, No. 24-2098, 2025 WL 323095, at *2 (3d Cir. Jan. 29, 2025) (cleaned up).

## IV.    DISCUSSION

As set forth above, the R&R recommends that the Court (1) grant-in-part Plaintiff's Motion, (2) deny Defendant's Motion, and (3) remand this action for further proceedings. D.I. 22

at 1.[2] Plaintiff objects to the R&R to the extent that the R&R (1) recommended remanding this action for further proceedings and (2) declined to address Plaintiff's other arguments in support of its Motion. D.I. 23 at 1. The Court addresses each of Plaintiff's objections in turn.

## A.    The R&R Properly Determined that Remand is Proper

Plaintiff first objects to the R&R's recommendation that the Court remand this action for further proceedings. D.I. 23 at 2. Plaintiff asserts that remand would be futile because, in Plaintiff's view, the ALJ cannot provide a clinical explanation without "playing doctor," and remanding this action would require the ALJ to explain why she disagreed with Plaintiff's expert's opinions. *Id.* at 3-4. The Court finds Plaintiff's first objection unpersuasive.

"In reaching a decision, an ALJ should set out and discuss the pertinent medical evidence presented." *Kertesz v. Crescent Hills Coal Co.*, 788 F.2d 158, 163 (3d Cir. 1986). An ALJ "is not bound to accept the opinion or theory of any medical expert, but may weigh the medical evidence and draw its own inferences." *Id.* Accordingly, "the ALJ should reject as insufficiently reasoned any medical opinion that reaches a conclusion contrary to objective clinical evidence without explanation." *Id.* However, as the R&R correctly observed (D.I. 22 at 10), the ALJ may not exercise complete discretion to discredit an expert's medical evidence or set the ALJ's own expertise against the expertise of an expert physician presenting competent evidence. *See, e.g.,* *Kertesz*, 788 F.2d at 163.

As the R&R explained, the ALJ's Decision contains no explicit discussion of why the ALJ declined to accept the opinions of Plaintiff's expert regarding whether J.D. and G.P. were terminally ill. *See* D.I. 22 at 7-8. However, contrary to Plaintiff's assertions (*see* D.I. 23 at 4-5),

---

[2] Neither party objects to R&R's determinations that (1) the ALJ's Decision lacked explanation or (2) that it could not be concluded that the ALJ's Decision was based upon substantial evidence. Having reviewed these portions of Judge Hatcher's R&R for clear error and finding none, the Court adopts these portions of the R&R.

a "lack of explanation does not equal a lack of evidence" supporting a contrary result. *Fritsche v. Astrue*, No. 2:12-CV-123-JVB, 2013 WL 2649954, at *8 (N.D. Ind. June 13, 2013) (remanding action for the ALJ to consider "which facts from the record were sufficient to reach his conclusions"). Thus, the Court agrees with the R&R and finds that remand is proper under the circumstances presented in this action. *See Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 120 (3d Cir. 2000) (vacating and remanding where the ALJ's "conclusory statement" regarding the patient's impairment left the case "beyond meaningful judicial review"); *Young v. Comm'r of Soc. Sec.*, No. CIV.A. 11-1310 SDW, 2012 WL 762262, at *3 (D.N.J. Mar. 6, 2012) ("A district court may vacate and remand an ALJ's decision if the ALJ rejects relevant medical evidence and fails to afford an explanation as to why he did so.").

Moreover, the Court is unpersuaded by Plaintiff's assertion that "[a] remand to the ALJ for her to articulate reasons for rejecting the Expert's testimony would be impossible since such a finding does not exist in the Decision." D.I. 23 at 5. On remand, the ALJ may articulate reasons for rejecting Plaintiff's expert's opinions or conduct any efforts necessary to explain the clinical evidence presented. *Cf. Kertesz*, 788 F.2d at 163 ("Where the ALJ believes additional medical testimony is needed to explain the clinical evidence, an effort to obtain such information should be made, rather than discrediting medical opinions because of its absence.").

For the foregoing reasons, the Court finds that the R&R properly recommended remanding this action and overrules Plaintiff's first objection.

## B.     The R&R Did Not Err in Declining to Address Plaintiff's Other Contentions

Plaintiff next objects to the R&R's recommendation that the Court remand this action without having addressed additional arguments raised by Plaintiff in its Motion. D.I. 23 at 5; *see also* D.I. 14 at 25-29 (raising contentions pursuant to 42 U.S.C. §§ 1395pp and 1395gg). According to Plaintiff, by not addressing these additional arguments, the R&R erred and "open[ed]

the door for incontrovertible delays and piecemeal litigation." D.I. 23 at 5. The Court disagrees for the following reasons.

*First*, depending on the outcome of the proceedings following remand, the additional arguments raised by Plaintiff may be mooted. *See Burns v. Colvin*, 156 F. Supp. 3d 579, 598 (M.D. Pa. 2016) (declining to address the plaintiff's other allegations of error, reasoning that "[a] remand may produce different results on th[o]se claims, making discussion of them moot"); *Lesko v. Comm'r, Soc. Sec. Admin.*, No. 2:24-CV-01660-CBB, 2025 WL 3677017, at *8 (W.D. Pa. Dec. 18, 2025) (similar). Moreover, assuming that further judicial intervention is sought, the Court finds that it would benefit from an updated record. *See Robinson v. Barnhart*, 366 F.3d 1078, 1085 (10th Cir. 2004) (declining to reach additional issues that "may be affected by the ALJ's resolution of [the] case on remand").

*Second*, this action is unlike the cases cited by Plaintiff, wherein courts have declined to remand actions to an ALJ where all factual issues have been resolved, no further fact-finding is required, or no contrary evidence existed in the record.[3] *See, e.g., Price*, 2017 WL 1047255, at *13 ("Remanding a case is unnecessary when 'all factual issues have been resolved and the record can yield but one supportable conclusion.'" (citation omitted)). For instance, in *Price*, the court

---

[3] *See, e.g., Breeden v. Weinberger*, 493 F.2d 1002, 1011 (4th Cir. 1974) (reversal proper where the case had been already remanded once for additional evidence, had been pending for almost five years, the record did not "contain substantial evidence to support a decision denying coverage under the correct legal standard," and reopening the record would serve "no purpose"); *McKenzie v. Harris*, 679 F.2d 8, 13 (3d Cir. 1982) (remand for further fact-finding was unnecessary); *Rutherford v. Barnhart*, 399 F.3d 546, 553 (3d Cir. 2005) (remand unnecessary "because it would not affect the outcome of the case"); *Cumerland County Hospital System, Inc. v. Price*, No. 5:15-CV-317-D, 2017 WL 1047255, at *13 (E.D.N.C. Feb. 23, 2017), *report and recommendation adopted sub nom. Cumberland County Hospital System, Inc. v. Price*, No. 5:15-CV-317-D, 2017 WL 1049474 (E.D.N.C. Mar. 17, 2017) ("*Price*") (recommending reversal where "no contrary evidence ha[d] been identified in the record"); *cf. Hospice of E. Texas v. Sec'y, United States Dep't of Health & Hum. Servs.*, No. 5:23-CV-136-RWS-JBB, 2025 WL 957519, at *14 (E.D. Tex. Mar. 31, 2025) (remanding to ALJ for further proceedings).

reasoned that a remand for further proceedings was unnecessary because the care provided by the plaintiff "was both reasonable and necessary and no contrary evidence ha[d] been identified in the record . . . ." *Id.* The *Price* court did not recommend reversal solely because of the mere potential for delay, as Plaintiff asserts. *Cf.* D.I. 23 at 6. Rather, the court simply recognized that a remand was "particularly just" given the additional delay that had already occurred and would occur if the court remanded for further proceedings. *Price*, 2017 WL 1047255, at *13. The present action is unlike *Price*, since the ALJ's Decision was not supported by substantial evidence and further factual development is necessary.

*Third*, Plaintiff's alternative arguments do not warrant reversal of the ALJ's Decision. The Court first addresses Plaintiff's contention under 42 U.S.C. § 1395pp, which provides a safe harbor for hospices providing Medicare services. "To avoid discouraging legitimate care, Medicare will reimburse a provider, even after an unfavorable coverage determination, if it 'did not know, and could not reasonably have been expected to know' that the disputed items or services were 'not reasonable and necessary for the diagnosis or treatment of illness or injury.'" *In Home Health, LLC v. Kennedy*, No. 25-3542, 2026 WL 2147418, at *6 (6th Cir. July 27, 2026) (quoting 42 U.S.C. §§ 1395pp(a)(2) and 1395y(a)(1)(A)). "This safe harbor operates as a cost-shifting mechanism, limiting a provider's liability when it acted reasonably and in good faith." *Id.* (citing *Caring Hearts Pers. Home Servs., Inc. v. Burwell*, 824 F.3d 968, 970 (10th Cir. 2016)). "Congress explicitly applied this safe harbor to hospice care, limiting liability when a hospice provider 'could not reasonably have been expected to know' that an 'individual is not terminally ill.'" *Id.* (quoting 42 U.S.C. § 1395pp(a)(2), (g)). This statute "turns on reasonableness, not on clear notice alone." *Id.* at *7. "Thus, even in the absence of 'clear notice,' the safe harbor still requires a provider to have *reasonably* interpreted the relevant notice or local standard of practice as it applies to its

claims.'" *Id.* (emphasis in original); *see also id.* (explaining that the language of a Local Coverage Determination ("LCD") can make it "unreasonable for a provider to think that Medicare will cover the claimed services for a particular patient"). In the present case, the ALJ found that Plaintiff "is presumed to have knowledge of the rules and procedures of Medicare." ALJ Decision at 16 (as to J.D), 21 (same, as to G.P.). However, the ALJ did not undergo a substantive analysis of the rationale for this determination or conduct a reasonableness inquiry. Accordingly, the Court will "remand to allow the ALJ to conduct the reasonableness inquiry in the first instance." *In Home Health, LLC,* 2026 WL 2147418, at *8.

The Court next considers Plaintiff's contention under 42 U.S.C. § 1395gg. As explained in § 1395gg(a), "reimbursement payments [to providers] are treated as payments to the individual Medicare beneficiaries." *Visiting Nurses Ass'n of Sw. Indiana, Inc. v. Shalala,* 213 F.3d 352, 355 (7th Cir. 2000) (citing 42 U.S.C. § 1395gg(a)). Pursuant to § 1395gg(b), "when overpayments are made, the Secretary may seek to recover those overpayments." *Id.* Finally, § 1395gg(c) sets forth the situations wherein the Secretary should waive the recoupment of overpayments discussed in § 1395gg(b). *Id.*

Against this backdrop, Plaintiff's asserts that waiver under § 1395gg is proper in this instance because Plaintiff was "'without fault' and had a reasonable basis for assuming the payments received were correct." D.I. 14 at 29. Plaintiff acknowledges that numerous courts have rejected similar arguments by hospice providers on the basis that § 1395gg only applies to individuals. *See* D.I. 16 at 20 n.17 (collecting cases cited by Defendant).[4] Plaintiff asserts that these courts have adopted "incorrect[]" interpretations of § 1395gg(c). *Id.* at 20. In Plaintiff's

---

[4] The Court assumes, for the purpose of addressing Plaintiff's objection, that the ALJ based their waiver determination upon § 1395gg.

view, the interpretation adopted by these courts "fails to account for the clear shifting of liability under § 1395gg(b)." *Id.* The Court is unpersuaded. Under the prevailing interpretation of § 1395gg, "[Plaintiff] cannot avail itself of the waiver mechanism provided in 42 U.S.C. § 1395gg(c), because § 1395gg(c) explicitly applies only to the waiver of 'adjustment[s] as provided in subsection (b) of this section,' *id.*, and the only adjustment contemplated by § 1395gg(b) is an adjustment of payments to individuals not suppliers or providers." *MacKenzie Med. Supply, Inc. v. Leavitt*, 506 F.3d 341, 349 (4th Cir. 2007) (citing *Visiting Nurses Ass'n of Sw. Indiana*, 213 F.3d at 355-59); *see also Visiting Nurses Ass'n of Sw. Indiana*, 213 F.3d at 357 ("Because the only adjustment contemplated by § 1395gg(b) is an adjustment of payments to individuals, no waiver under § 1395gg(c) is possible for these providers."). Plaintiff has cited no case law supporting its reading of § 1395gg(b), binding or otherwise. *Cf.* D.I. 14 at 29-30; D.I. 16 at 19-20. Nor has Plaintiff persuaded the Court that the prevailing interpretation, which comports with the text and structure of § 1395gg, is incorrect.

For the foregoing reasons, the Court overrules Plaintiff's second objection.

## V.   <u>CONCLUSION</u>

For the reasons set forth above, Plaintiff's objections (D.I. 23) are OVERRULED and the R&R (D.I. 22) is ADOPTED. Plaintiff's Motion (D.I. 13) is GRANTED-IN-PART, Defendant's Motion (D.I. 11) is DENIED, and this case is REMANDED for further proceedings.

\*         \*         \*

WHEREFORE, at Wilmington this __ of August 2026, **IT IS HEREBY ORDERED** that:

1.   Plaintiff's Objections (D.I. 23) to the R&R are **OVERRULED**;

2.   Judge Hatcher's R&R (D.I. 22) is **ADOPTED**;

3.   Plaintiff's Motion (D.I. 13) is **GRANTED-IN-PART**;

4.   Defendant's Motion (D.I. 11) is **DENIED**; and

10

5.    This action is **REMANDED** to the Administrative Law Judge for further proceedings consistent with the R&R and this Memorandum Order.

_____
GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE